UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARIUS BOYD,

                 Petitioner,

     v.                                  Case No. 13-12523

UNITED STATES OF AMERICA         HON. TERRENCE G. BERG
                                        HON. PAUL J. KOMIVES

                 Respondent.
_____/

## ORDER DIRECTING PETITIONER TO NOTIFY THE COURT HOW HE WANTS TO PROCEED

**I.**      **Introduction**

On June 10, 2013, Petitioner Tarius Evin Boyd filed a motion for appointment of counsel and a pro se petition for the writ of habeas corpus. Federal law allows for two kinds of habeas corpus petitions. Boyd's petition did not identify whether he was seeking relief under Section 2241 or under Section 2255 of Title 28 of the United States Code. As explained below, Boyd cannot bring a petition under Section 2241. Boyd could file a motion to vacate or set aside his conviction under Section 2255 of Title 28 of the United States Code, but that motion must be brought before Judge Mark A. Goldsmith, who handled Boyd's criminal case. This Court has the authority to recharacterize, or convert, Boyd's petition to a motion to vacate or set aside the conviction under Section 2255, but it cannot do so without Boyd's consent. Therefore,

Boyd must inform the Court in writing, within 30 days, which of the following options he chooses. Does he wish to:

(1)     have his current habeas petition recharacterized as a motion to vacate, set aside, or correct his sentence (a "§ 2255 motion"), which must be transferred to Judge Goldsmith;

(2)     withdraw his habeas petition rather than have it recharacterized as a motion to vacate, set aside, or correct his sentence; or

(3)     amend his habeas petition to include all the § 2255 claims that he believes he has, and have this amended petition transferred to Judge Goldsmith.

As explained below, if he chooses either to have the Court recharacterize his current petition as a § 2255 motion to vacate or set aside his conviction, or if he amends his habeas petition to include any other § 2255 claims that he believes he has, and this amended petition is also transferred to Judge Goldsmith, such a course of action will limit his ability to later bring a second or subsequent motion to challenge his conviction.

Failure to inform the Court within thirty days of his choice may result in the dismissal of the habeas petition.

II.   Explanation

The petition alleges that Boyd was convicted of bank fraud and sentenced on November 24, 2012, to six months in prison, a fine of $200,000, and five years of supervised release following the prison term.[1] The basis for Boyd's conviction was an allegedly false statement on a mortgage application. In his habeas petition, Boyd

---

[1] Court records show that Boyd pleaded guilty in this District to one count of bank fraud, 18 U.S.C. § 1344, and on November 21, 2012, he appeared for sentencing before United States District Judge Mark A. Goldsmith. On November 27, 2012, Judge Goldsmith signed the judgment of sentence. *See United States v. Boyd*, No. 4:11-CR-20687 (E.D. Mich. Nov. 27, 2012).

claims that a false statement on a loan application is not a crime, and, therefore, he is being unlawfully detained in violation of his constitutional right to due process of law. He also appears to be claiming that his sentence was the result of an impermissible sentencing enhancement. He seeks an order discharging him from custody and from the other restraints imposed on him.

The habeas petition does not specify the federal statute under which it is brought. Boyd may have intended to proceed under the general habeas corpus statute, 28 U.S.C. § 2241, because he was a federal inmate at the Federal Correctional Institution in Morgantown, West Virginia when he filed his habeas petition.[2]

Federal prisoners may bring a habeas corpus petition under § 2241 if they are challenging the execution of their sentences or the manner in which their sentences are served. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). But the primary mechanism for challenging the validity of a conviction or sentence, or for claiming the right to release as a result of an unlawful sentence, is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56.

---

[2] Records maintained by the Federal Bureau of Prisons on its official website indicated that at the time he filed his petition Boyd was an inmate at FCI – Morgantown and was expected to be released on July 12, 2013. *See* www.bop.gov. Those records currently show that Boyd is at the Detroit Community Corrections Management Office with an actual or expected release date of "unknown." *Id.* Boyd notified the Court in early July of a change of address, with the new address appearing to be a private residence in Grand Blanc, Michigan.

A federal court may not entertain an application for the writ of habeas corpus by a prisoner who is authorized to apply for relief by motion to the court that sentenced him unless it "appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). In other words, a federal prisoner "may file a § 2241 petition contesting the legality of his detention only if his claim is such that he cannot obtain effective relief on direct appeal or through a § 2255 motion." *Garcia-Echaverria v. United States*, 376 F.3d 507, 510 (6th Cir. 2004).

Boyd alleges that he has no other remedy for release from his unlawful detention other than a petition for a writ of habeas corpus. But he has not alleged or otherwise shown why a motion under § 2255 is an inadequate or ineffective means of challenging his conviction and sentence.

The Court, therefore, must either: (1) dismiss the petition as improperly brought;[3] or (2) recharacterize Boyd's petition as a motion to vacate the sentence under 28 U.S.C. § 2255, and transfer the case to the Honorable Mark A. Goldsmith, who sentenced Boyd. *See United States v. Boyd*, No. 4:11-CR-20687 (E.D. Mich. Nov. 27, 2012).

---

[3] Furthermore, "the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). This means that the proper respondent in a § 2241 case generally "is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. Thus, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443; *see also* 28 U.S.C. § 2241(a) (stating that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."). Because Boyd was incarcerated in West Virginia, this Court has no jurisdiction over his warden.

Recharacterization of the habeas petition may have serious consequences for Boyd because it "will subject[] any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' . . . motion." *Castro v. United States*, 540 U.S. 375, 377 (2003). A second or successive motion must be certified by a panel of the appropriate court of appeals to contain newly discovered evidence or a new, retroactive rule of constitutional law. 28 U.S.C. § 2255(h). For this reason, the Court will not recharacterize the petition without the consent of the petitioner.

It is, therefore, ORDERED that Boyd shall inform the Court within thirty days how he wants to proceed. He may:

(4)   agree to have his current habeas petition recharacterized as a § 2255 motion to vacate, set aside, or correct the sentence, and the petition will then be transferred to Judge Goldsmith;

(5)   withdraw his habeas petition rather than have it recharacterized as a motion under § 2255; or

(6)   amend his habeas petition to include all the § 2255 claims that he believes he has and the petition will then be transferred to Judge Goldsmith.

*See Castro*, 540 U.S. at 377, 383; *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). Failure to comply with this order within thirty days may result in the dismissal of the habeas petition.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  July 16, 2013

5

## Certificate of Service

I hereby certify that this Order was electronically submitted on July 16, 2013, using the CM/ECF system, which will send notification to each party.

By:  s/A. Chubb
     Case Manager
