UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARIUS BOYD,

                Petitioner,

v.                                            Case No. 13-12523

UNITED STATES OF AMERICA        HON. TERRENCE G. BERG
                                                           HON. PAUL J. KOMIVES

                Respondent.
_____/

## ORDER DISMISSING PETITION WITHOUT PREJUDICE

    This matter was initiated as a pro se habeas corpus petition filed by Tarius Boyd on June 10, 2013. The petition failed to make it clear whether petitioner sought relief under 28 U.S.C. § 2241, challenging the execution of the sentence or the manner in which the sentence was being are served, or under 28 U.S.C. § 2255, seeking to vacate a conviction or sentence.

    The difference is an important one, because a petition under 28 U.S.C. § 2241 must be brought in the district where the prisoner is incarcerated, and in this case the petitioner was incarcerated in West Virginia.[1]  Therefore, if Boyd intended this petition to be brought under 28 U.S.C. § 2241, it would need to be dismissed because it is not before the correct court.

---

[1] "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). This means that the proper respondent in a § 2241 case generally "is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. Thus, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443; *see also* 28 U.S.C. § 2241(a) (stating that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."). Because Boyd was incarcerated in West Virginia, this Court has no jurisdiction over his warden.


If this petition is intended to be a petition under 28 U.S.C. § 2255, to vacate the sentence, such a petition should be addressed to the sentencing judge, in this case the Honorable Mark A. Goldsmith. This could be accomplished by recharacterizing the petition as a motion to vacate under 28 U.S.C. § 2255 and then transferring the case to the sentencing judge for further proceedings.

Such a recharacterization of the habeas petition would have serious consequences for Boyd because it "will subject[] any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' . . . motion." *Castro v. United States*, 540 U.S. 375, 377 (2003). A second or successive motion must be certified by a panel of the appropriate court of appeals to contain newly discovered evidence or a new, retroactive rule of constitutional law. 28 U.S.C. § 2255(h).

To give petitioner the opportunity to clarify whether he intended to proceed under § 2241, in which case the petition would have to be withdrawn or dismissed, or whether he wanted to accept the potentially negative consequences of recharacterizing the petition as a § 2255 petition, the Court issued an Order on July 16, 2013, directing the petitioner to notify the Court as to how he wanted to proceed. This Court's July 16 order directed Boyd to inform the Court within thirty days whether he wanted to:

    (1) agree to have his current habeas petition recharacterized as a § 2255 motion to vacate, set aside, or correct the sentence, and the petition will then be transferred to Judge Goldsmith;
    (2) withdraw his habeas petition rather than have it recharacterized as a motion under § 2255; or

> (3) amend his habeas petition to include all the § 2255 claims that he believes he has and the petition will then be transferred to Judge Goldsmith.

Dkt. 5 at 5. The Order of July 16, 2013, further advised Petitioner that failure to comply with the order within thirty days might result in the dismissal of the habeas petition.

The Court has received no response from Petitioner.[2] The copy of the order mailed to Boyd's reported address was returned as undeliverable on July 23, 2013 (Dkt. 6). It is petitioner's responsibility to promptly inform the Court of any change in his address. As a courtesy, the Court chose to wait 30 days to see if Boyd might submit a new change of address to the Court. No change of address information has been submitted, so this petition will be dismissed without prejudice. Such dismissal means that petitioner is not prohibited from re-filing this petition.

For the reasons set forth above the petition is DISMISSED WITHOUT PREJUDICE.

<div style="text-align: right;">
s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE
</div>

Dated: August 28, 2013

**Certificate of Service**

I hereby certify that this Order was electronically submitted on August 28, 2013, using the CM/ECF system, which will send notification to each party.

<div style="text-align: right;">
By: s/A. Chubb<br>
Case Manager
</div>

---

[2] Court records show that Boyd pleaded guilty in this District to one count of bank fraud, 18 U.S.C. § 1344, and on November 21, 2012, he appeared for sentencing before United States District Judge Mark A. Goldsmith. On November 27, 2012, Judge Goldsmith signed the judgment of sentence. *See United States v. Boyd*, No. 4:11-CR-20687 (E.D. Mich. Nov. 27, 2012). Petitioner, who was sentenced to six months' incarceration, is no longer in custody, but it is his responsibility to update his contact information and to monitor and pursue the civil action that he filed.